GLADNEY, Judge.
In this redhibitory action Raymond Heard, Inc. seeks the rescission of a sale of twenty-nine 100-pound sacks of walnuts and return of the purchase price. Weaver, the defendant, resists plaintiff’s demands by denying there was a sale and averring that he acted as plaintiff’s agent in purchasing, the nuts from a third party, for a commission. Upon the issues so presented the case was adjudicated by the trial judge in favor of the defendant and plaintiff has appealed.
The facts essential to a resolution of the case are largely undisputed. Raymond Heard, Inc. conducts a wholesale food business and for a number of years has had extensive dealings with the defendant, M. B. Weaver, who, at the time this suit was instituted on January 14, 1958, operated a retail business in Monroe under the trade name of Weaver’s Curb Market. On December 2, 1957, pursuant to a conversation between Raymond Heard, president of plaintiff corporation, and defendant, the latter purchased from an .itinerant vendor a truckload of walnuts, consisting of thirty-five 100-pound sacies. Weaver testified without contradiction that he called Raymond Heard on the telephone in Ruston and informed him the walnuts could be purchased at the price of $25 per sack, and in the conversation Heard agreed to buy the walnuts and pay defendant the sum of $1 per sack as a commission for making the purchase in his behalf. The evidence further discloses that plaintiff sent his truck to Monroe, received the nuts so purchased, and delivered unto Weaver a check for $754. The defendant testified that he was asked by Heard as to the condition of the walnuts and told him they “looked all right”, that he purchased and sold some of them to his customers.
After the merchandise was inspected in Ruston the walnuts were found to be faulty and not salable. There followed another conversation between defendant and Heard *323 following which, on December 6, 1957, the faulty walnuts were returned to Weaver on consignment to be sold by Weaver for the account of the plaintiff. The employee of plaintiff in charge of delivery of the merchandise to Weaver, presented to the defendant an invoice which purported to bill defendant for the merchandise, whereupon Weaver instantly called Raymond Heard on the telephone and the latter then instructed his employee to write on the face of the invoice: “On consignment — to be sold for Mr. C. R. Heard.” This document was tendered in evidence. Although there is some conflict in the testimony of Heard and Weaver, particularly as to the representation made by Weaver as to the quality of the walnuts, the testimony of the defendant is not seriously controverted.
It follows from our appreciation of the evidence plaintiff’s action for rescission must fall for it has not been established there was a sale.
In brief and argument before this court counsel for appellant contends plaintiff is entitled to recover on the theory that defendant was negligent and unfaithful in acting as plaintiff’s agent. In presenting this argument, counsel urges a demand which, had it been incorporated in plaintiff’s petition, would have been inconsistent with its demand for a rescission of the sale. An accumulation of these inconsistent demands would violate the spirit of the Code of Practice, Art. 149. Brown v. Lancaster, 1951, 218 La. 1036, 51 So.2d 617, 621.
It should be related the defendant testified he was unsuccessful in the sale of the nuts consigned to him and some time after suit was filed by plaintiff on January 20, 1958, the walnuts became so bad he disposed of them as worthless. During Weaver’s handling of the walnuts he sold one sack for $35, which amount he tendered into court.
We do not find error in the judgment of the trial court, and accordingly, the judgment will be affirmed at plaintiff’s cost.